NOTICE
Decision filed 08/25/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220745-U

NO. 5-22-0745

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 21-CF-1424 |
| | ) | |
| JEREMIAH F. MARTIN, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where there was no error in the circuit court's denial of the defendant's petition for relief from judgment, and any argument to the contrary would lack substantial merit, the defendant's appointed appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2    The defendant, Jeremiah F. Martin, appeals from the circuit court's order denying his petition for relief from judgment. See 735 ILCS 5/2-1401 (West 2022). His appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and on that basis, it has filed with this court a motion for leave to withdraw as counsel. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The *Finley* motion was accompanied by a legal memorandum in support thereof. The defendant has filed a response to OSAD's motion. After examining OSAD's *Finley* motion and memorandum, the defendant's written response, and the

1

entire record on appeal, this court agrees with OSAD that this appeal lacks merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court of Champaign County, denying the defendant's petition for relief from judgment, is affirmed.

¶ 3                                    BACKGROUND

¶ 4        On November 22, 2021, the defendant was charged by information with four felony counts. He allegedly committed the four felonies less than one week earlier. In count 1, he was charged with the offense of armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2020)), which is a Class X felony (720 ILCS 5/24-1.7(b) (West 2020)). It was alleged that the defendant "knowingly possessed a firearm, namely a shotgun, after having previously been convicted of the offense of Unlawful Possession of a Weapon by a Felon, a Class 3 felony, in Champaign County cause number 2002 CF 1266 and of the offense of Burglary, a Class 2 felony, in Champaign County cause number 1997 CF 321." As for counts 2 through 4, they alleged additional crimes.

¶ 5        On March 31, 2022, the defendant, his defense attorney, and an assistant state's attorney appeared before the circuit court. The parties informed the court of a plea agreement, under which the defendant would plead guilty to count 1, armed habitual criminal, in exchange for the State's recommending a sentence of imprisonment for a term of 6½ years, to be followed by mandatory supervised release (MSR) for a term of 3 years; counts 2 through 4 would be dismissed. The court properly admonished and questioned the defendant about the nature of the charge, the possible penalties, his right to plead guilty or not guilty, his right to a trial, his rights at trial, and the consequences of a plea of guilty. In regard to the nature of the charge, the court told the defendant the following: "Says that on or about November 19th of 2021, in Champaign County, you committed the offense of armed habitual criminal in that you knowingly possessed a firearm, namely a shotgun, after having previously been convicted of unlawful possession of a weapon by

2

a felon, a Class 3 felony, in Champaign [*sic*] case 2002-CF-1266, and the offense of burglary, a Class 2 felony, in Champaign County case 1997-CF-321." The defendant indicated his understanding of all these various matters and rights. The court also questioned the defendant regarding the voluntariness of his plea, and his answers indicated that it was voluntary. The prosecutor recited a factual basis for the plea. The defendant pleaded guilty to the offense of armed habitual criminal. Finding the plea knowing and voluntary, the court accepted it. The court imposed a sentence of imprisonment for a term of 6½ years, to be followed by MSR for a term of 3 years. The court admonished the defendant about a motion to withdraw guilty plea and the process of appeal.

¶ 6    The defendant did not file a motion to withdraw guilty plea. He did not pursue an appeal from the judgment of conviction.

¶ 7    On August 1, 2022, four months after entering his plea of guilty and being sentenced, the defendant mailed to the clerk of the circuit court a hand-written, *pro se* "petition to void judgment/order regarding unlawful sentence" under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). The defendant stated that he was not seeking to "void his guilty plea" but was instead asking the court "to set aside 1 void sentencing order because criteria used in charging information for Armed Habitual Criminal was outside of allowed timeframe." In his petition, the defendant presented three specific claims, *viz.*: (1) Under 730 ILCS 5/5-4.5-95(a)(4)(E), "[t]he first felony *** must have occurred when offender was over the age of 21"; however, the defendant's "first felony" was committed when he was only 20 years of age. (2) Under 730 ILCS 5/5-4.5-95, the offense for which the defendant was sentenced must have been committed within 20 years after judgment was entered on the first conviction, but the defendant's first conviction (for the offense of burglary) was entered 23 years before he committed the instant

3

offense. (3) The defendant's conviction for unlawful possession of a weapon by a felon, in Champaign County case No. 2002-CF-1266, was improperly employed in this case, because that offense (i) was a Class 3 felony and (ii) was "outside General Limitation period of 10 years." In his prayer for relief, the defendant requested (1) a hearing on the matters presented in his petition, (2) vacatur of the sentencing order "with downward departure in sentencing," and (3) a finding "that information charging him with armed habitual criminal is fatally flawed and non applicable."

¶ 8 Not long after the defendant filed his section 2-1401 petition, the State filed a motion to dismiss it. The State argued, *inter alia*, that a section 2-1401 petition is a forum to correct errors of fact in the prosecution of a case, not errors of law, but the defendant, in his own section 2-1401 petition, presented only errors of law; the petition did not mention any errors of fact.

¶ 9 On October 5, 2022, the circuit court entered a written order that denied the defendant's section 2-1401 petition. The court found, *inter alia*, that the defendant was convicted of the offense of armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2020)) but most of his arguments related to the statute concerning adjudication as a habitual criminal (730 ILCS 5/5-4.5-95(a) (West 2020)), a statute that had no relevance to his case.

¶ 10 The defendant appealed from the court's order. The court appointed OSAD to represent him on appeal.

¶ 11                                         ANALYSIS

¶ 12 This appeal is from the circuit court's order denying the defendant's section 2-1401 petition for relief from judgment. OSAD has concluded that this appeal lacks merit, and on that basis, it has filed a *Finley* motion to withdraw as counsel. Regardless of what else can be said about the defendant's petition, its claims were misbegotten, and its denial was warranted. When the circuit

4

court denies a section 2-1401 petition, appellate review of the denial is *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 13    The defendant was charged with, and entered a fully negotiated plea of guilty to, the offense of armed habitual criminal. Armed habitual criminal is defined in section 24-1.7(a) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/24-1.7(a) (West 2020)). That section reads as follows:

"(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:

(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon; aggravated unlawful use of a weapon; aggravated discharge of a firearm; vehicular hijacking; aggravated vehicular hijacking; aggravated battery of a child ***; intimidation; aggravated intimidation; gunrunning; home invasion; or aggravated battery with a firearm ***; or

(3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7(a) (West 2020).

Section 2-8 of the Criminal Code defines "forcible felony" to include a variety of violent or potentially violent felonies, including burglary. 720 ILCS 5/2-8 (West 2020). "Being an armed habitual criminal is a Class X felony." 720 ILCS 5/24-1.7(b) (West 2020). "[T]he language of section 24-1.7 demonstrates an unmistakable purpose to criminalize recidivist offenders who subsequently receive, possess, sell, or transfer firearms. [Citation.] Moreover, the statute evinces

5

a clear intent that the crime apply to those offenders whose prior offenses were of a particular serious class or nature." *People v. Adams*, 404 Ill. App. 3d 405, 411 (2010).

¶ 14    Here, the defendant possessed a firearm, and he did so after having been convicted of burglary and unlawful use of a weapon by a felon.  That is all that was needed for him to be guilty of armed habitual criminal, as defined in section 24-1.7(a) of the Criminal Code.  His valid plea of guilty was all that was necessary for the court to enter judgment.

¶ 15    In his section 2-1401 petition, the defendant complained about his young age (20 years old) at the time he committed the burglary that resulted in one of his prior convictions, and the timing of his past convictions in relation to the instant offense.  However, none of those points has anything to do with armed habitual criminal, the offense to which he validly pleaded guilty.  They are unmentioned anywhere in section 24-1.7(a).

¶ 16    Instead, the points raised by the defendant in his petition stem from a completely different statute—the Habitual Criminal Act, found in section 5-4.5-95(a) of the Unified Code of Corrections (730 ILCS 5/5-4.5-95(a) (West 2022))—a statute that bears no relationship whatsoever to the instant case.

¶ 17    Under the Habitual Criminal Act:

"Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now *** classified in Illinois as a Class X felony, criminal sexual assault, aggravated kidnapping, or first degree murder, and who is thereafter convicted of a Class X felony, criminal sexual assault, or first degree murder, committed after the 2 prior convictions, shall be adjudged an habitual criminal." 730 ILCS 5/5-4.5-95(a)(1) (West 2022).

6

Anyone who is so adjudged "shall be sentenced to a term of natural life imprisonment." 730 ILCS 5/5-4.5-95(a)(5) (West 2022).

¶ 18    It is in the provisions of the Habitual Criminal Act that we find reference to the points raised by the defendant in his petition—*i.e.*, the requirement that the defendant must have been "21 years of age or older" at the time he committed "[t]he first offense" (730 ILCS 5/5-4.5-95(a)(4)(E) (West 2020)), and the requirement that "[t]he third offense" must be committed "within 20 years" after "the first conviction," excluding time spent in custody (730 ILCS 5/5-4.5-95(a)(4)(B) (West 2020)). However, these age and timing requirements have no relevance to the defendant. He was not adjudged a habitual criminal. From what is known of his criminal history, he would not even qualify for sentencing as a habitual criminal. That is why the Habitual Criminal Act was never discussed (or even mentioned) during the proceedings that resulted in the instant conviction. If the Habitual Criminal Act had been applicable to the defendant in this case, he would be serving a term of natural life imprisonment, rather than a prison term of a mere 6½ years.

¶ 19                                CONCLUSION

¶ 20    The circuit court did not err in denying the defendant's petition for relief from judgment. Any argument to the contrary would lack merit. Accordingly, OSAD is granted leave to withdraw as the defendant's counsel, and the judgment of the circuit court is affirmed.

¶ 21    Motion granted; judgment affirmed.